# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **RONALD JASON FOSTER #2137849** | § | |
| | § | |
| **V.** | § | **A-18-CV-072-LY** |
| | § | |
| **TRAVIS COUNTY, TEXAS** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he was returning to the Travis County Correctional Complex from court on December 21, 2016, and the bus broke down. A second bus allegedly backed up into the disabled bus. Plaintiff claims he was seated in the back passenger-side seat handcuffed to two men weighing over 200 pounds. The other men were seated in the back driver's-side seat. Plaintiff contends the collision caused a twisting of his arm, shoulder, neck and back and aggravated a pre-existing injury.

Plaintiff alleges he sustained whiplash and had severe pain in his back and a knot in his head. Plaintiff further asserts he was denied medical treatment for almost two weeks.

Plaintiff sues Travis County, Texas. He seeks monetary relief for the pain, discomfort and trouble that made his incarceration all the more difficult and dangerous. After consideration of his complaint, the Court ordered Plaintiff to file a more definite statement. Specifically, Plaintiff was ordered to identify each and every policy, practice or custom that caused any deprivation of Plaintiff's constitutional rights. Plaintiff responded he believed handcuffing three people together was a violation of jail policy.

Plaintiff was also ordered to specify the date he requested medical treatment and the date he received such treatment. Plaintiff responded he has been unable to obtain this information. However, in response to another question he responded he was seen by Dr. Bob ten days after the accident. When asked to describe in detail the medical treatment he received and who provided such treatment Plaintiff simply replied Dr. Bob had seen him "roughly 10 days later." From a review of Plaintiff's more definite statement it appears Plaintiff was offered a neck brace, but Plaintiff declined. He explained he would have been kept in solitary confinement if he had a neck brace, and he was already experiencing too much emotional stress to be left alone. Plaintiff complains the delay in his treatment caused him great pain and forced him to get in and out of his top bunk. Plaintiff explains he only wanted a bottom bunk and help without solitary confinement.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Section 1983

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

C. Bus Accident

Plaintiff's claims regarding the bus accident, at most, amount to negligence. A plaintiff may maintain a civil rights suit only if he can show an abuse of government power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also, Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir.

1988). It is well settled that negligence on the part of jail officials does not give rise to civil rights claims. *Daniels v. Williams*, 474 U.S. 327 (1986); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

D. <u>Delayed Medical Treatment</u>

Construed liberally, Plaintiff appears to be alleging he was denied timely adequate medical treatment while confined in the Travis County Correctional Complex. Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). A claim that additional diagnostic techniques or forms of treatment should have been utilized is also inadequate for purposes of § 1983. *Estelle*, 429 U.S. at 107. In short, a claim of medical malpractice does not amount to a constitutional violation merely because the plaintiff is a prisoner. *Id*. at 106. Deliberate indifference may also be shown by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id.* at 104-05. In order to maintain a claim for delayed medical treatment there must have been deliberate indifference which results in harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Plaintiff admits he was seen by a doctor approximately ten days after the accident and offered a neck brace, which he refused. He does not suggest he should have been provided different medical

care. Plaintiff may be alleging, during the ten-day delay, he was assigned to a top bunk, which caused him pain. However, Plaintiff has not alleged any particular person was deliberately indifferent to his serious medical needs.

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). In this case, Plaintiff fails to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure

to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 5th day of April, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE